# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JACK PERSHING SEXTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C16-412RSL

ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on petitioner Jack Pershing Sexton's motion for reconsideration. Dkt. # 21. Motions for reconsideration are disfavored and will be granted only on a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1).

Petitioner argues that the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), undermines the Ninth Circuit's holding in United States v. Watson, 881 F.3d 782 (9th Cir. 2018) (per curiam), which was a basis for the Court denying petitioner relief here. Dimaya did not undermine Watson. Dimaya involved a "crime of violence" determination that proceeded from the relevant statute's "residual clause," whereas Watson (like petitioner's case) involved a determination that the relevant crime had as an element the use of force. See Dimaya, 138 S. Ct. at 1211 & n.1 (distinguishing its determination from "elements clause" cases). The Tenth Circuit's decision in United States v. Salas, 889 F.3d 681 (10th Cir. 2018), which petitioner also cites, likewise involved residual-clause language unlike the issue here. Finally, nothing in Dimaya saves petitioner's claim regarding the U.S. Sentencing Guidelines. Petitioner

ORDER DENYING MOTION FOR RECONSIDERATION - 1

has not shown "manifest error" or "new facts or legal authority" that merits reconsideration of the Court's order. <u>See</u> LCR 7(h)(1). For that reason, petitioner's motion for reconsideration, Dkt. # 21, is DENIED.

DATED this 9th day of July, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 2